IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, JR., | § | |
| Reg. No. 37160-177, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-403-DB |
| | § | |
| LT. JOHN CASTANEDA, | § | |
|     Defendants. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff Vincent John Bazemore's ("Bazemore") *pro se* civil rights complaint [ECF No. 6] filed on November 1, 2010.[1] In his complaint, Bazemore, a federal prisoner, alleges that on October 20, 2010, Defendant Lt. John Castaneda ("Lt. Castaneda"), a Bureau of Prisons officer, violated his constitutional rights by taking away his legal papers, placing him in disciplinary segregation, and denying him the opportunity to timely file documents in several pending lawsuits. In his motion for summary judgment [ECF No. 18], Lt. Castaneda asserts that Bazemore failed to exhaust his administrative remedies and argues the Court should, therefore, dismiss his lawsuit. In his response [ECF No. 23], Bazemore concedes that he failed to exhaust his administrative remedies, but asks the Court to excuse this omission because "prison authorities refused to provide him with the needed forms."[2] In support of his claim, Bazemore attaches a copy of an inmate request form in which he expresses his desire "to

---

[1] "ECF No." ("Electronic Case Filing Number") refers to the document number assigned to a document filed with the Court in the electronic case management system.

[2] Resp. To Def.'s Mot. for Summ. J. 2.

file a complaint on Lt. Castaneda."³

The Court referred this matter to the United States Magistrate Judge for a report and recommendation.⁴ In his report [Docket No. 28], the Magistrate Judge recommends that the Court grant Lt. Castaneda's motion for summary judgment and dismiss Bazemore's complaint. He notes that Lt. Casteneda submitted competent summary judgment evidence showing Bazemore submitted nine administrative remedy requests, but none concerned his placement in disciplinary segregation on October 20, 2010.⁵ He explains that "[t]he Prison Litigation Reform Act of 1995 ("PLRA") provides that '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.'"⁶ He dismisses Bazemore's claim that prison authorities denied him the requested form, explaining "that Bazemore has failed to proffer any competent summary judgment evidence to show that there exists a genuine dispute of material fact regarding exhaustion of administrative remedies."⁷

The Magistrate Judge gave Bazemore fourteen days to file written objections to his

---

³ *Id.*, Ex. A.

⁴ *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2011) ('[A] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[ ] . . . of prisoner petitions challenging conditions of confinement.").

⁵ Report and Recommendation 7 (citing Def.'s Mot. For Summ. J. Ex. A (declaration of Darrin Scott)).

⁶ *Id.* at 5 (quoting 42 U.S.C. § 1997e(a) (emphasis added)).

⁷ *Id.* at 9.

proposed findings, conclusions, and recommendations.[8] A party who files timely written objections to a magistrate judge's report is entitled to a de novo determination of those portions of the report to which the party objects.[9] The objections, however, must specifically identify those findings or recommendations which the party wishes the district court to consider.[10] A district court need not consider "frivolous, conclusive, or general objections."[11] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[12] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[13]

---

[8] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[9] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[10] *See* 28 U.S.C.A. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); W.D. Tex Local R., App. C, R. 4(b) at("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

[11] *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

[12] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[13] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence;

With his objections to the report [ECF No. 29], Bazemore submits an affidavit which, he claims, corrects the deficiencies in his response and makes the inmate request form competent summary judgment evidence. In the affidavit, he declares "under penalty of perjury and pursuant to 28 U.S.C. § 1746" that prison authorities denied him a requested administrative remedy form.[14]

> I made a written request to Counselor Jeffrey Runke to obtain a BP-9 to file an administrative remedy/complaint against Lt. Casteneda for violating my constitutional rights. . . . I was never given a copy of the form. . . . [T]he prison authorities refusal to satisfy that request as narrated in my response, attachment, and this affidavit are true and correct.[15]

Thus, he argues the affidavit establishes that there "exists a genuine dispute of material fact regarding exhaustion of administrative remedies."[16]

As the Magistrate Judge correctly explains, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust his administrative remedies before initiating a judicial challenge to a condition of his confinement.[17] Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process.[18] All available remedies must be exhausted, whether

---

or return the matter to the magistrate judge with instructions.").

[14] Objections Ex A (Aff. of Vincent Bazemore).

[15] *Id.*

[16] Objections 1.

[17] Report and Recommendation 5.

[18] *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

speedy and effective or not.[19] "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."[20] An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement.[21] Exhaustion is, however, an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies.[22] If a court considers evidence beyond the pleadings to resolve the exhaustion issue, the nonmoving party is entitled to the protections of Federal Rule of Civil Procedure 56.[23]

The Bureau of Prisons has established a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[24] First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner.[25] If the complaint cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form

---

[19] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'") (quoting *Booth*, 532 U.S. at 739).

[20] *Johnson v. Kukua*, 342 F. App'x 933, 934 (5th Cir. 2009) (unpubl. op.) (citing *Woodford*, 548 U.S. at 89-93).

[21] *Id.*

[22] *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 216, (2007)).

[23] *Id.*; *see also* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[24] 28 C.F.R. § 542.10(a).

[25] *Id.* at § 542.13(a).

with the prison warden.[26] The warden has twenty days to respond, which may be extended by an additional twenty days.[27] Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[28] The regional director has thirty days to issue a response, which may be extended by an additional thirty days. The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[29] The General Counsel has forty days to issue a response.[30] If an inmate does not receive a response within the time allotted for a reply, he may consider the absence of a response a denial at that level and proceed to the next level.[31] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[32]

Lt. Castaneda contends in his motion for summary judgment that Bazemore has not exhausted his administrative remedies. Bazemore concurs, but claims he could not pursue his claims within the Bureau of Prisons because he did not receive the BP-9 form that he requested on October 20, 2010, the date Lt. Castaneda allegedly placed him in disciplinary segregation. "Given that interference by government officials would constitute an excuse for procedural default, and that the prison's failure to act promptly cannot bind a pro se prisoner, it would

---

[26] *Id.* at § 542.14.

[27] *Id.* at § 542.18.

[28] *Id.* at § 542.15(a).

[29] *Id.*

[30] *Id.* at § 542.18.

[31] *Id.*

[32] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

appear that delay by prison officials . . . would constitute a valid reason for delay."[33] However, "difficulties which a prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency."[34] In this case, Bazemore has failed to proffer any facts showing that he brought the failure to receive the requested BP-9 form to the attention of Bureau of Prisons. Moreover, Bazemore filed the instant lawsuit on November 1, 2010, only ten days after alleged incident. Thus, there is not a genuine dispute of material fact regarding exhaustion of administrative remedies; Bazemore has clearly exhibited a total disregard for the Bureau of Prisons' administrative review process and the preconditions for initiating a judicial challenge to the conditions of his confinement set forth in 42 U.S.C. § 1997e. The Court finds, therefore, that the Magistrate Judge correctly determined Bazemore failed to exhaust his administrative remedies.

Accordingly, after a de novo review of the record, the Court finds that Bazemore's objections are without merit. The Court further finds that the Magistrate Judge's proposed findings of fact and conclusions of law are correct, and that it should adopt his recommendations. The Court, therefore, enters the following orders:

1. The Court **OVERRULES** Plaintiff Vincent John Bazemore's objections to the Magistrate Judge's report [Docket No. 29].

2. The Court **ACCEPTS** the report and recommendation of the Magistrate Judge [ECF No. 28].

---

[33] *Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994).

[34] *Purviance v. Maye*, 1:10-CV-255-LY, 2010 WL 3516193 (W.D. Tex. 2010) (citing *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)).

3. The Court **GRANTS** Defendant John Castaneda's motion for summary judgment [ECF No. 18].

4. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Vincent John Bazemore's *pro se* civil rights complaint [ECF No. 6] for failure to exhaust his administrative remedies.

5. The Court additionally **DENIES** all other pending motions in this cause, if any, as moot.

**SO ORDERED.**

**SIGNED** this 28th day of April, 2011.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE